## IN THE SUPERIOR COURT OF GUAM

PORT AUTHORITY OF GUAM, )
)
        Plaintiff, )
)
    vs. )
)
GUAM INDUSTRIAL SERVICES INC. )
dba GUAM SHIPYARD, )
)
        Defendant. )
)

**CIVIL CASE NO. CV0095-25**
BY: _____

**DECISION AND ORDER**

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on February 19, 2025. Attorney James L. Canto II represented Plaintiff and Attorneys Arthur Clark and George Valdez represented Defendant. The Court addressed Defendant's Motion to Dismiss and then addressed the underlying Unlawful Detainer, ruling from the bench for both matters. After having heard the Parties' arguments for the motion, and then considering the Parties' pleadings, evidence and the record, for the Unlawful Detainer, the Court now issues the following written Decision and Order documenting the rulings.

## BACKGROUND

The Verified Complaint for Unlawful Detainer was filed February 12, 2025. Defendant filed a Motion to Dismiss Complaint for Unlawful Detainer on February 18, 2025. Plaintiff opposed the Motion orally. The Motion and the bench trial were addressed on the same day by agreement of the Parties.

## DISCUSSION

### I.    <u>Defendant's Motion to Dismiss</u>

Defendant filed a Motion to Dismiss Complaint for Unlawful Detainer on the basis that Plaintiff failed to state an actionable claim under Rule 12(b)(6). Defendant argued that the issues in this case could not be addressed in summary hearing and the matter should be dismissed. Defendant also claimed that excess rents were paid and, as a result, the Defendant is not currently subject to a lawful detainer action.

*Port Authority of Guam v. Guam Industrial Services Inc. DBA Guam Shipyard,,*
Decision and Order
Civil Case No. CV0095-25         - Page 1 of 5 -

A. Standard for a Rule 12(b)(6) Motion

The facts in a complaint are presumed to be true and the complaint should be construed in the plaintiff's favor when a court decides on a Rule 12(b)(6)motion. *Hawaiin Bank v. Manley*, 2007 Guam 2 ¶ 9. Dismissal would only be appropriate if a plaintiff can prove no set of facts that would entitle it to relief. *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9.

B. Appropriateness of a Summary Hearing

Defendant argues that GRCP Rule 12(b)(6) should require dismissal in that the Verified Complaint because the issues are too complex to be addressed in a summary proceeding. Defendant further claims that Plaintiff failed to put the amount of rent owed in the notice to quit. The Court is required to limit consideration to the complaint and attached documents on which the complaint heavily relies. *Core Tech International Corp. v. Hanil Engineering*, 2010 Guam 13 ¶ 29. The Verified Complaint adequately claimed that Defendant was in possession of the property without consent from the property owner in violation of 21 GCA § 21103(a). Plaintiff's notice and Verified Complaint both cite to 21 GCA § 21103(a) rather than subsection (b) which Defendant referenced in its Motion to Dismiss and argued orally at the hearing. There is no requirement that the tenant be in default under 21 GCA § 21103(a). As a result, the arguments made by Defendant on the complexity of the issues do not convince the Court that dismissal is appropriate.

Additionally, Defendant argues that Plaintiff's claim for monetary damages in the Verified Complaint requires dismissal because the request for monetary damages forces the issues of this case outside of an unlawful detainer action. In response, Plaintiff withdrew its claim for monetary damages. The Court will not make a decision on whether a request for monetary damages could potentially take the matter outside the ability of a Magistrate Judge to return the possession of a property to a plaintiff. The Court does find, in this case, the Plaintiff limited its claim to regain possession of the property and that issue was appropriately before the Court. Plaintiff did appropriately plead a set of facts that would entitle it to relief.

### B. Issue of Excess Rent

Defendant further claims to have paid rent in excess of the appropriate amount and relies on 18 GCA § 51105 to supports its argument that it is entitled to a dismissal of the complaint. 18 GCA § 51105 provides that the original rental terms would be automatically renewed if a defendant remained in possession of the property and plaintiff accepted rent after the expiration of the lease. Here, both Parties agree that Plaintiff accepted rental payments from the Defendant for January 2025, but not after. Plaintiff also indicated that the rental amount was increased over the years of the lease which contradicts the claim of excess rent. The Court is not convinced that Defendant's prior rental payments, even if excessive, triggered a renewal under 18 GCA § 51105.

18 GCA § 51105 further clarifies that the renewal is for the "same terms and the same time". Here, the lease was a month-to-month lease which was terminatable after thirty (30) days notice. Plaintiff indicated that it ensured that no rent would be accepted for February or after, which was uncontroverted. Therefore, even if Defendant was correct that excess rent legally forced a renewal, the period would have been for an additional month and not longer. Thus, the latest date a renewal could be forced is March 5, 2025 and Defendant would not be required to vacate the premises until March 23, 2025. The Court does not find that the application of law provided for under 18 GCA § 51105 would warrant dismissal under 12(b)(6) or would delay the Unlawful Detainer based on the circumstances of this case.

The Court did consider that there was a potential emergency facing Plaintiff which did not legally impact the decision but further supported the Court's decision to rule from the bench and later supplement the oral decision with its written ruling.

### II.     **Unlawful Detainer**

After addressing the Motion to Dismiss, the Court then provided an evidentiary hearing for the Unlawful Detainer action. The Court took testimony in the matter whereby Plaintiff sufficiently proved that Defendant was no longer authorized to possess the property at issue after providing ample notice that the month-to-month tenancy was terminated. Several exhibits were entered into evidence without objection, to include Plaintiff's Exhibit C and D accompanied with testimony. Exhibit C was a letter, dated December 20, 2024, from Plaintiff's Attorney to

Defendant which contained the specific notice that the month-to-month tenancy would be terminated February 5, 2025. Exhibit C was received by Defendant on December 20, 2024. Exhibit D is a letter dated February 6, 2025 from Plaintiff's Attorney to Defendant indicating that Defendant has five days to deliver possession. Exhibit D was received by Defendant on February 6, 2025. Exhibit D also specifically cited to 21 GCA § 21103(a). The Court notes that Plaintiff's Exhibits A and B, the original lease and amended lease, which were admitted, require thirty (30) days notice for the Plaintiff to terminate the lease.

Defendant did again claim that rent was paid in excess of what was owed but later provided an exhibit, which was admitted, that indicated Plaintiff believed the current monthly payment of $11,760.00 was agreed upon. Defendant's Exhibit 1, page 2, ¶ 5. The letter with the $11,760.00 amount specified was dated May 3, 2024, which indicates that Defendant had no issue with the increased rental amount for more than half a year, at least. The totality of the testimony and documents satisfied the Court that Defendant was adequately informed of the Plaintiff's intent to terminate the lease. The Court further holds that the notice provided was sufficient to satisfy 21 GCA § 21103(a). Last, the Court finds that Defendant remained in possession of the premises after termination of the lease and appropriate notice. As a result, the possession of the premises must be returned to Plaintiff. Even in the event, excessive rent was paid in prior months, that fact alone would not entitle Defendant to remain on the premises beyond an additional month. Defendant would be free to make a claim against the Defendant for damages in a different civil proceeding if Plaintiff failed to return any excess rent.

## III.   Remaining Issues

The Court declines to award any costs, attorneys fees or any monetary damages based on Plaintiff's removal of those claims. Paragraph 19 of the executed "Open Space Lease Agreement" also barred recovery of costs or attorney fees. Plaintiff's Exhibit A.

/ /

## CONCLUSION

The Court, DENIES Defendant's Motion's to Dismiss Complaint for Unlawful Detainer and finds in favor of the Plaintiff under the Verified Complaint for Unlawful Detainer. A Judgment was previously issued in this matter on February 25, 2025.

So ORDERED this 11th day of March, 2025.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

J. Canto

G. Valdez

Date: 3/11/25    Time: 9/15 A

Roman Quinata
Deputy Clerk, Superior Court of Guam